# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| WILLIAM HORHN, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 5:18-CV-00150-RWS |
| | § | |
| v. | § | |
| | § | |
| TDCJ-CID DIRECTOR, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner, William Horhn, an inmate confined at the Barry Telford Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1.

The Court received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings.[1] Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. Docket No. 6. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner complains that certain policies and procedures were not followed during a disciplinary hearing and, as a result of the allegedly flawed proceeding, he was wrongfully stripped of certain opportunities or activities in which he has a protected interest. Docket No. 6.

---

[1] Another Report and Recommendation was entered on December 4, 2018, recommending Petitioner's motion for leave to proceed *in forma pauperis* be denied and that petitioner pay the $5.00 filing fee (Docket No. 3). Petitioner received a copy of this Report and Recommendation on December 7, 2018. No Objections were filed to the Report and Recommendation. Petitioner, however, has yet to pay the $5.00 filing fee.

Specifically, Petitioner asks this Court to recognize a protected interest in good conduct time earned, "seeing parole," familial visitation and use of the prison telephones. *Id*.

In Texas, prisoners eligible for release on mandatory supervised release may have a protected liberty interest in good conduct time earned. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 956–58 (5th Cir. 2000). However, as outlined by the Magistrate Judge, Petitioner concedes he is not eligible for release on mandatory supervision. Docket No. 1 at 3. Accordingly, Petitioner's punishment of loss of good conduct time as a result of his disciplinary conviction does not implicate a protected liberty interest. *See, e.g.*, *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (forfeiture of good conduct time credits earned by a prisoner who is not eligible for release on mandatory supervision does not implicate a liberty interest); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."). Thus, Petitioner's objection regarding loss of good conduct time lacks merit.

Petitioner next argues the State has created a liberty interest in the ability to "see" parole. In the Report and Recommendation (Docket No. 4), the Magistrate Judge stated that the Fifth Circuit has held there is no constitutional expectancy to release on parole. Docket No. 4 at 3 & n.1. Petitioner appears to argue there is a distinction between the ability to "see" parole and actual "release" on parole. In the context of a state-created liberty interest, this is a distinction without a difference. In Texas, " '[p]arole' means the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (West 2004). With the exception of mandatory supervised release, the Texas parole

system does not create an expectancy of release.  *See, e.g.*, *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Williams v. Briscoe*, 641 F.2d 274, 276–77 (5th Cir. 1981).  Accordingly, Petitioner has no liberty interest in release on parole.  Because there is no constitutionally protected liberty interest at stake, constitutional due process considerations do not attach to any proceeding involving the Parole Board's consideration of Petitioner's eligibility for release.  *See Gilbertson*, 993 F.2d at 75.  Petitioner's objection regarding "seeing" parole is, thus, without merit.

Finally, petitioner argues the State has created a liberty interest in the ability to communicate with family over the State provided telephone system and visitation.  It is well established that a prisoner has no constitutional right to visitation or telephone privileges.  *See, e.g.*, *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (inmates at TDCJ have no constitutional right to visitation) (citation omitted); *Johns v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979) ("convicted criminals do not have a constitutional right to [] visitation) (citation omitted); *Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002) (per curiam) (loss of telephone privileges does not implicate due process); *Palmisano v. Bureau of Prisons*, 258 F. App'x 646, 647–48 (5th Cir. 2007) (per curiam) (loss of telephone privileges did not establish "a claim of the denial of constitutional rights.").  Accordingly, the Court finds Petitioner's objections meritless.

## Conclusion

For the reasons discussed above, Petitioner's objections (Docket No. 6) are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge (Docket No. 4) is **ADOPTED**.  A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

It is so **ORDERED**.

**SIGNED this 2nd day of August, 2019.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE